IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAWRENCE A. RAY                                                                PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:07cv175-JCS

RONNIE PENNINGTON                                                        DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff brought this action pursuant to § 1983 alleging constitutional violations

arising out his arrest and incarceration by Defendant, the Sheriff of Rankin County,

Mississippi.   Presently before the court is Defendant's motion to dismiss or, in the

alternative, for summary judgment   Also before the court is Defendant' motion to strike

portions of Plaintiff's response to the motion.  Having considered the motions, the court

concludes that the motion to strike should be denied, that Plaintiff's official-capacity

claims should be dismissed, and that the remainder of Defendant's motion to dismiss or,

in the alternative, for summary judgment, should be denied.

Ray was indicted by a Rankin County grand jury of attempted uttering of forgery,

and a capias was issued for his arrest.  Defendant arrested him on March 11, 2007.

Plaintiff  signed a waiver of arraignment and an entry of a guilty plea on March 26, 2007;

however, he alleges that he was never brought before a judge and given the opportunity

to post bond until four months later, on July 9, 2007.  Plaintiff subsequently pled guilty to

the crime charged, and on November 26, 2007 he was sentenced to five years, with four

months and two days to serve, and four years on post-release supervision.  He was given

credit for his time served and was released.

In his motion to strike, Defendant argues that in Plaintiff's response, Plaintiff has made unsworn factual allegations.  The court has not considered any unsupported or unsworn allegations in ruling on the motion to dismiss or for summary judgment.  However, the court concludes that it is unnecessary to actually strike from the record portions of the response.  Accordingly, the motion to strike is denied.

In his motion to dismiss or, alternatively, for summary judgment, Defendant argues that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, recovery may not be had for an allegedly unconstitutional action the unlawfulness of which would render a conviction or sentence invalid, unless that conviction or sentence has been reversed, expunged, or otherwise set aside.  *Id.* at 484.  Thus, according to Defendant, because Plaintiff's conviction and sentence remain in force and effect his claim for unlawful imprisonment is not cognizable under § 1983.  Defendant has failed to explain, however, how a finding that Plaintiff was held by Defendant for four months without ever being brought before a judge for consideration of bond would in fact impugn the validity of Plaintiff's subsequent conviction for uttering of forgery.  A claim arising out of an unlawful detention is not barred by *Heck* merely because that detention was part of a criminal process that culminated in a valid conviction.   The question is whether a finding that Plaintiff was unconstitutionally detained for four months would call into question the validity of the conviction.  *See Brown v. Sudduth*, 255 Fed. Appx. 803 (5th Cir. 2007).  The court concludes that it would not.

Defendant also argues that there is no genuine factual issue as to Pennington's knowledge regarding Plaintiff's situation and that Plaintiff has failed to overcome his

2

defense of qualified immunity.  However, Defendant has come forward with no evidence on this issue.  Plaintiff, on the other hand, testified at the omnibus hearing that he was held four months without a court appearance and that he wrote letters to Pennington about his situation and filed grievances while he was incarcerated.  The court concludes that Plaintiff's testimony is sufficient to create a factual issue as whether Plaintiff was indeed held without an appearance before a judge and, if so, whether Pennington knew or should have known of this fact.  It is also sufficient to overcome Defendant's defense of qualified immunity.

The court also rejects Defendant's argument that because Plaintiff at sentencing was given credit for all time served, he has suffered no damage and therefore has no constitutional claim.  It may be that Plaintiff will be unable to establish any actual damages; this does not, however, prevent him from pursing nominal and punitive damages for the alleged constitutional violation.

Finally, Defendant argues that to the extent that Plaintiff is asserting claims against Defendant in his official capacity, these should be dismissed because of Plaintiff's failure to allege or come forward with facts indicating that his detention was the result of a custom or policy of the county.   The court agrees that under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), Plaintiff's official-capacity claims must be dismissed, as he has made no allegations sufficient to hold the county liable.

For these reasons, Defendant's motion is granted as to claims against him in his

official capacity.  The remainder of the motion is hereby denied.

This the 4th day of November, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE